OPINION OF THE COURT
Albert A. Rubin, J.
The question in this case is whether a covering is required on a load which technically complies with the language of the statute but is placed in the carrier in such a manner so as to violate the obvious intent of this law.
On August 3, 1977, Robert C. Bohm received a summons for an alleged violation of subdivision 1 of section 380-a of the Vehicle and Traffic Law. Subdivision 1 of section 380-a states: "It shall be unlawful to operate on any public highway any open truck or trailer being utilized for the transportation of earth, sand, stone or similar loose substances, unless said truck or trailer has a cover, tarpaulin or other device of a type and specification approved by the commissioner of transportation which completely closes in the opening on the said *345 truck or trailer while said truck or trailer shall be so operated, so as to prevent the falling of any such substances therefrom. However, if the load is six inches below the top of the sides of such truck, the covering is not necessary.”
The facts are not in dispute. The patrolman testified that he stopped the defendant who was driving a huge sand and gravel truck and issued a summons to him because the contents of the truck were not covered with a tarpaulin as required under section 380-a. Defendant contended that a tarpaulin was not required because the contents of the carrier were six inches below the sides of the truck. He offered to assist the policeman in climbing up to the top of the truck so that the policeman could see that the load was six inches below the sides. This offer was refused by the patrolman, who said he could see the top of the load from where he was standing and that it was far above the sides of the truck. The officer stated that the sides of the truck itself were four feet high and many feet over his head, but that he would still see the sand or dirt in the truck and "the sand was piled up” and crested in the middle.
The same point is emphasized by the testimony of the defendant who, when describing his conversation with the policeman at the time of the issuance of the summons, stated: "he said where’s your cover and I said the load is below the sides and I tried to explain to him the rule exactly like I had read it in relationship to sand fill and covers and side walls, etc., which states that the load must not exceed six inches between the top of the side and where the load falls or it must be covered. That is the Vehicle and Traffic Law on it. I asked him if he wished he could get up on the truck and measure it. He said no.”
At the trial, the defendant was queried in his capacity as a professional truck driver as to his interpretation of compliance with the last sentence of subdivision 1 of section 380-a.
He was asked — what:
(1) If the contents were six inches below the top side of the truck even though the rest of the load might be a foot or more higher than the sides of the truck and "humped like a camel”;
(2) If there was a high spot in the middle of the load which was two feet above the side walls and the rest of the load was six inches below the sides, would it, in either illustration, fall within the statute and make the cover necessary? Defendant made an unequivocal statement that the statute says a cover *346 was not required where the load was six inches below the top of the side of the truck.
There are many definitions of the word "side” in the Random House Dictionary of the English Language and there is considerable confusion resulting from the language in the last sentence of subdivision 1 of section 380-a. Did the defendant comply with the statute when his load was six inches below the top of the sides? Does the word "side” of the vehicle, include all four sides — front and rear as well as left and right sides behind the driver? Where the load is crested in the middle and the angle of the repose is above the side of the truck is there compliance?
The reason for the enactment of the statute is for the obvious purpose of keeping the contents of the truck from being scattered, blown or dropped onto the highway or surrounding area. The preceding sentence to the one in question states "so as to prevent the falling of any such substances therefrom”. If such be the intent, then the wording of the last sentence of this section leaves much to be desired and does not accomplish it.
It is suggested that the present statute be amended and clarified. The word "sides” should refer to all four sides of the truck which is carrying the material in question. The load must be six inches below the top of all four sides at all levels so that a load humped or crested in the center would require a cover. Preferably the statute should spell out that every portion of the load when measured laterally must be more than six inches below all four sides of the carrier.
Unfortunately the fact situation in the case at bar is such that a strict interpretation of the law defeats the underlying purpose of the law. The present statute is filled with ambiguities and as all doubts must be resolved in favor of the defendant, he is found not guilty after trial.